## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACK SPENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00126-JRS-DLP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
### and Denying Certificate of Appealability

For the reasons explained in this Order, Jack Spence's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue**.**

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

### A. Criminal Investigation

As outlined in the application for a federal search warrant, the investigation into Spence began in May 2018. Dkt. 10 (Application for a Search Warrant, 1:18-mj-0741, dated 8/2/2018, maintained under seal).

That month, a family member of Spence's made a report to law enforcement that Spence was inappropriately touching a relative minor child. *Id*. ¶¶ 9, 10. Soon after, Jennifer Barrett, an FBI task force officer, spoke to Witness 1 about this concern. *Id*. ¶ 11. Witness 1 relayed several incriminating facts at that point. Witness 1 explained that, while on vacation to Florida, Spence slept in the same bed as Minor Victim 1, rubbed her inner thigh, and bought her two-piece swimsuits. *Id.* ¶ 11.

Further, also in May 2018, Witness 1 had gone to Spence's residence in order to set up Spence's Alexa application on Spence's iPhone (with Spence's permission). *Id.* ¶ 12. There, Witness 1 discovered a picture of what Witness 1 believed to be Minor Victim 1's torso area, with what he believed to be seminal fluid on her navel area. *Id.* Witness 1 later sent a duplicate of that picture to Agent Barrett. *Id.*

On May 14, Agent Barrett spoke with Minor Victim 1's father, and Spence's wife. *Id.* ¶¶ 13–14. At that point, the family wanted to handle the matter internally so Agent Barrett "agreed to give them some time." *Id*. ¶ 14. On May 21, the Spence family confronted Spence. *Id.* ¶ 15. Spence admitted that he had been molesting Minor Victim 1 "for some time" and the fluid in the photo was seminal fluid. *Id.* ¶ 15. Minor Victim 1's mother told Agent Barrett that this

2

confrontation was recorded by both Witness 1 and Minor Victim 1's father on their cell phones. *Id.* ¶ 16. Further, Spence gave Witness 1 and Minor Victim 1's father Spence's two laptops, an iPhone, and Spence's handgun. *Id.* Three days later, Witness 1 sent Agent Barrett the recording of the family confrontation. *Id.* ¶ 18.

On May 29, 2018, Agent Barrett spoke to Witness 1 at the Brownsburg Police Department. *Id.* ¶ 19. Agent Barrett learned more information, including that Spence used his HD camcorder to record sexual activity with Minor Victim 1 and downloaded the footage onto his Toshiba laptop. *Id.* Spence told Witness 1 that this laptop contained five to six videos. *Id.* Spence also admitted that there was child pornography on the Toshiba laptop, which he could "use" to "hold him off" so he would not molest Minor Victim 1 anymore. *Id.* That day, Agent Barrett took possession of the Toshiba laptop and iPhone 6s Plus (which the Spence family had maintained). *Id.* ¶ 21.

Later that same day, Spence came to the Brownsburg Police Department and reported that Witness 1 had stolen his laptop computer. Given Agent Barrett's belief that the laptop contained contraband images, she directed the officers to take the report but did not assist Spence in retrieving the laptop. *Id.* at ¶ 20.

On May 31, 2018, a federal criminal complaint was filed against Spence charging nine counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). *United States v. Spence*, 1:18-cr-306-JRS-MJD (hereinafter "Crim. Dkt."). This criminal complaint included information regarding nine videos documenting child exploitation that had been obtained as a result of a forensic examination of Spence's Toshiba laptop. That forensic examination was undertaken pursuant to a May 29, 2018, warrant issued in Hendricks County, Indiana.[1]

---

[1] A judge in Hendricks County, Indiana, issued a search warrant to search and seize Spence's Toshiba laptop and iPhone. Spence attached the affidavit in support of this search warrant to his petition and appears to base many of his grounds for relief on this search warrant. Dkt. 2-3. Besides

Agent Barrett then applied for another search warrant to search Spence's Toshiba laptop computer. This second application for a search warrant was filed in federal court and granted by Magistrate Judge Tim A. Baker on August 2, 2018. Dkt. 10. It is unclear why, or even if, this second search warrant was necessary, given the previously issued Hendrick's County warrant. In any event, the application for the federal search warrant included facts and information about the investigation, along with Agent Barrett's experience. *Id.* Agent Barrett specifically testified why she believed sexually explicit materials would be found on the Toshiba laptop. *Id.* ¶¶ 22-35. The warrant application and supporting affidavit did not include any evidence that was gained as a result of the prior forensic examination of Spence's Toshiba laptop.

Ultimately, videos of Minor Victim 1 were found on Spence's Toshiba laptop. All were produced in his home and/or the former residence of Minor Victim 1's father. The presentence investigation report sets forth in graphic detail the sexually explicit conduct captured in videos 1, 2, 3, 8, 9, 11, 12, and 31 between Spence and Minor Victim 1. Crim. Dkt. 30  at ¶¶ 9-16, Crim. Dkt. 23 at ¶ 18. Spence also had a video of Minor Victim 2 on his laptop computer, which was produced in his home and/or the former residence of Victim 2's father. Again, the presentence report describes the sexually explicit conduct that occurred between Spence and Minor Victim 2. Crim. Dkt. 30 at ¶¶ 8-18; Crim. Dkt. 23 at ¶ 18.

### B. Criminal Proceedings

On October 2, 2018, a two-count Information was filed charging Spence with two counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a). Crim. Dkt. 14.

_____

the fact that Spence references this affidavit repeatedly, he has not provided any legal basis to suggest that it is material to the issues in this case.

On October 9, 2018, the parties filed a petition to enter a plea of guilty and plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), wherein Spence agreed to plead guilty as charged. Crim. Dkt. 23. Spence also agreed that the United States would ask for a sentence of 480 months' imprisonment and that he could not be sentenced to less than 180 months' imprisonment. Crim. Dkt. 23 at ¶ 10. Spence agreed to waive his right to appeal the conviction and sentence as long as he received a sentence of not more than 480 months' imprisonment. *Id.* at ¶ 27. Spence also agreed not to contest or seek to modify his conviction or sentence in any action, including § 2255. *Id.* at ¶ 28.

On February 8, 2019, the Court held Spence's change of plea and sentencing hearing. Crim. Dkt. 37. After finding that Spence was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was supported by an independent factual basis, the Court accepted the plea agreement and adjudged Spence guilty as charged. Dkt. 57 at p. 24.

The Court sentenced Spence to 480 months' imprisonment (240 months for each count to be served consecutively), to be followed by a lifetime of supervised release. Crim. Dkt. 38.

On January 14, 2020, Spence filed a motion to vacate his sentence under § 2255. Dkt. 1-2. Spence attempts to raise multiple grounds for relief. Spence claims his counsel was ineffective for failing to file a motion to suppress the federal search warrant that permitted the search of his Toshiba laptop. *Id.* Spence also asserts that his sentence was incorrect, that the search warrant was obtained by misrepresentations, and that his *Miranda* rights were violated. Dkt. 2 at p. 15-17. In his reply, Spence raises two additional grounds for relief. He argues that the government did not make the emails and recordings between Agent Barrett and Witness 1 available for review. Dkt. 16 at p. 2. He further argues that Agent Barrett's August 2, 2018, application for a search warrant

included lies, omissions, or misstatements and that his counsel should have objected on this basis. *Id.* at pp. 2-3.

### III. Discussion

#### A. Certain Claims are Barred by the Plea Waiver

Spence asserts that (1) his Fourth and Fourteenth Amendment rights were violated, dkt 1 at p. 6 and 11; (2) the magistrate judge acted as a rubber stamp for the affiant, *id.* at p. 9; and (3) his sentence was incorrect, *id.* at p. 12. Also, he claims that the search warrant was obtained by misrepresentations and that his *Miranda* rights were violated. Dkt. 2 at p. 15-17. The United States argues that these claims are barred by his plea waiver which reads:

> 28. Later Legal Challenges: Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

Crim. Dkt. 23 at ¶ 28. The United States is correct that this waiver encompasses Spence's claims related to the search warrant, sentence, and alleged *Miranda* violation. "Generally speaking, appeal waivers are enforceable and preclude appellate review." *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016). Courts "will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." *United States v. Worden*, 646 F.3d 499, 502 (7th Cir. 2011). That is the case here. *See* Crim. Dkt. 57, pp. 23-24. Given the plea waiver, only Spence's claim for relief based on ineffective assistance of counsel shall be considered further. All other claims for relief are **denied.** *See Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016) (waivers in plea agreements are generally enforceable).

### B. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 137 S.Ct. 1958 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)). To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984); *see also Resnick v. United States*, No. 20-1221, 2021 WL 3362000, at *3 (7th Cir. Aug. 3, 2021).

"When a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial, . . . the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee*, 137 S. Ct. at 1965 (internal citations and quotations omitted). In this case, Spence "must also show that he would have been better off going to trial," because his decision about going to trial turns on his prospects of success. *Id.* (citing e.g., *Premo v. Moore*, 562 U.S. 115, 118 (2011) (defendant must show he would have been better off going to trial if he "alleges that his lawyer should have but did not seek to suppress an improperly obtained confession.")). Spence's claims of ineffective assistance of counsel are discussed below.

### 1. Failure to Object to Sentence and to File Appeal Challenging Sentence Was Not Deficient Performance

Spence states that he was sentenced to a term over and above what was agreed upon and that he "asked his Counsel to file an appeal and he did not." Dkt. 2 at p. 2. Spence is mistaken; he agreed to waive his right to appeal the conviction and sentence as long as he received a sentence of not more than 480 months' imprisonment. Crim. Dkt. 23 at ¶ 27. He was sentenced to 480 months' imprisonment (240 months for each count to be served consecutively). Crim. Dkt. 38.

Under these circumstances, counsel was not ineffective for failing to challenge the sentence imposed.

Spence's statement that counsel did not file an appeal after Spence asked him to is not evidence of ineffective assistance in this case because the statement lacks any detail whatsoever. "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Spence does not state how he communicated his request that counsel file an appeal or when the request was made. The lack of any detail or development of this claim was raised by the United States in its response and Spence did not provide additional details in reply. Under these circumstances, there is no basis to conclude that Spence expressly instructed his counsel to file an appeal in a timely fashion. Thus, Spence is not entitled to relief on this basis.

### 2. Failure to File Motion to Suppress Was Not Deficient Performance

Next, Spence argues that his counsel was ineffective for failing to move to quash the search warrant and to suppress the resulting video evidence. Spence's theory is that his Fourth Amendment rights were violated because the search warrant for his Toshiba laptop was not supported by probable cause. He further claims that Agent Barrett made material misstatements or omissions in seeking a search warrant.

### a. Fourth Amendment

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "Probable cause for issuance of a search warrant exists if there is 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Bacon*, 991 F.3d 835, 839-40 (7th Cir. 2021) (*quoting Illinois v. Gates*, 462 U.S. 213, 238, (1983)). "The ability of the neutral and detached magistrate to determine probable cause

8

depends on the accuracy of the information the police submit." *United States v. Clark*, 935 F.3d 558, 563 (7th Cir. 2019). "'A search warrant is not valid if the police obtain it by deliberately or recklessly presenting false, material information,' or by omitting material information from the affidavit provided to the issuing judge." *Id.* (*quoting United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013)).

### b. Overwhelming Probable Cause to Support the Search Warrant

Spence argues that the search warrant affidavit lacked probable cause. For instance, in attacking the search warrant, Spence asserts that the magistrate judge merely "rubber stamped" the warrant. Dkt. 2 at p. 2.

There is no evidence to support this assertion. Agent Barrett's affidavit provided qualifications and experience for her testimony. Dkt. 10 at p. 3-4. The search warrant described how Witness 1 saw that Spence's phone contained a photo of a torso area of Minor Victim 1. *Id.* at p. 9-10. Agent Barrett spoke with Witness 1 and the parents of Minor Victim 1. *Id.* at p.10. Spence's family, taping the conversation, confronted Spence, and he admitted to molesting Minor Victim 1 and gave them his laptops, iPhone, and firearm. *Id.* at 11. These items were held by Minor Victims 1's parents at their residence. *Id.* Witness 1 sent Agent Barrett the recording of the confrontation. *Id.* at 12. Witness 1 met with Spence who explained to Witness 1 about the ongoing molestation of Minor Victim 1, the child pornography on his laptop, and the videos he made of Minor Victim 1. *Id.* at 12-13. Agent Barrett explained her reasonable conclusion, based on her training and experience, that the images stored on Spence's iPhone would be synched to or otherwise accessible on Spence's other digital devices, such as the Toshiba laptop. *See id.* at pp. 13-21.

In this case, the magistrate judge reviewed the application and specifically held that there was probable cause to search the electronic device in the evidence room at the Brownsburg Police Department described as a Toshiba laptop computer, belonging to Jack L. Spence Jr., and that such search would reveal child pornography or minors engaged in sexually explicit conduct. *See* 1:18-mj-741-TAB (sealed). "The magistrate [judge]'s task was 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Rees*, 957 F.3d 761, 766 (7th Cir. 2020) (quoting *Gates*, 462 U.S. at 238). Upon review, the face of the application and the totality of the circumstances presented reflects that the magistrate judge had a substantial basis for concluding that the search would detect evidence of criminal activity. *Id.* (stating probable cause depends on "'the whole picture'—not each fact in isolation") (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018) (internal quotation omitted)). Counsel was not deficient for failing to file a motion to suppress on this basis.

### c. No Evidence of Material Falsities or Omissions that Would Alter the Probable Cause Determination

Spence's next claim for relief is that his counsel should have sought to suppress the warrant on the basis that it contained "material omissions and misleading statements." Dkt. 2 at pp. 2-5, dkt. 16 at pp. 2-3. While it is true that suppression "remains an appropriate remedy if the officer misled the issuing judge with knowingly false information or reckless disregard of the truth." *United States v. Grisanti*, 943 F.3d 1044, 1049 (7th Cir. 2019). In this case, there is no evidence that Agent Barrett knowingly provided false information or recklessly disregarded the truth. Spence's specific challenges are addressed below.

### i. State Court Records

Spence alleges that Agent Barrett's affidavit should have included copies of the state court affidavit, warrant, warrant return, and forensic findings.  Dkt. 16 at p. 3. Specifically, he believes the warrant application should have notified the magistrate judge that a state judicial officer had previously authorized the search and seizure of his iPhone, Toshiba laptop, and MacBook in a state court proceeding on May 29, 2018.

Counsel was not ineffective for failing to object to the search warrant on this basis. In fact, the state court warrant resulted in identifying nine videos of Spence and minor victims engaging in sexually explicit conduct and child pornography on the Toshiba laptop. The inclusion of the state court information would only have bolstered the probable cause determination. Stating that the items sought were "to be searched" did not prejudice Spence. There was no error in Agent Barrett omitting the information regarding the state court proceedings in seeking the search warrant in the federal criminal case. Spence has not provided any legal authority that suggests that a second warrant—that does not rely on any evidence discovered as a result of an earlier search—is inappropriate.

Counsel was not deficient for failing to seek to suppress the search warrant on this basis.

### ii. Credibility Determination

Spence further argues that Agent Barrett did not explain how she concluded that the witnesses she relied on were credible. Agent Barrett purportedly omitted that Witness 1 had committed several contemporaneous felonies in the course of this investigation and that Witness 1 was fired from the police department for misconduct. Dkt. 16 at p. 3. This argument is based on Spence's theory that he did not turn over his electronic devices and gun for safekeeping and that instead the items were stolen from him by Witness 1 who "committed strong armed robbery,

breaking and entering, and theft over $3,000.00." Dkt. 16 at p. 11. Spence argues that Agent Barrett knew the devices were stolen because of the audio recording she was provided and because Spence filed a police report to this effect on May 29, 2018. *Id.*

Counsel was not ineffective for failing to seek to suppress the search warrant on this basis. Agent Barrett's warrant application specifically provided that Spence came to the police department on May 29, 2018, and reported that Witness 1 had stolen his laptop computer. Dkt. 10 at ¶ 20. The affidavit explains that Agent Barrett instructed the officers to take the report, but because of Spence's admissions in the recording of the family confrontation and her belief that the laptop computer contained contraband images, she instructed the officers not to assist Spence in retrieving the laptop. *Id.* Because Agent Barrett disclosed that Spence's position was that he had not turned over his Toshiba laptop and instead that it was stolen, there was no omission as Spence claims. Counsel was not deficient for failing to object on this basis.

In addition, there is no basis to conclude that Agent Barrett was aware that Witness 1 had been fired for misconduct prior to seeking the search warrant, nor is the nature of that misconduct specified in the record. This omission was not material to the search warrant and counsel was not deficient for failing to seek to suppress the search warrant on this basis.

### iii. Objections to Agent Barrett's Conclusions

Spence's final attack on the application in support of the search warrant is that Agent Barrett allegedly misled the magistrate judge by stating her conclusion that she had probable cause to believe contraband would be found. This argument is frivolous. Counsel was not ineffective for failing to object to this conclusion which was supported by ample evidence. *See infra* Part III.B.2(b).

In conclusion, the facts and records in this case demonstrate that Spence's attacks on his counsel are meritless. Spence has not demonstrated that his counsel's allegedly deficient performance led him to accept a guilty plea rather than go to trial. *Lee*, 137 S. Ct. at 1965. Instead, Spence's counsel assisted him in negotiating an advantageous plea agreement and any efforts to suppress the search warrant would have been denied.

### IV. Evidentiary Hearing and Additional Discovery

#### A. Evidentiary Hearing is Unnecessary

Spence seeks an evidentiary hearing "to develop the record . . . that Spence is unable to develop otherwise." Dkt. 17. The motion for an evidentiary hearing, dkt [17], is **denied**. A hearing is unnecessary where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record, even if the circumstances surrounding the request for a search warrant exist exactly as Spence alleges, his attorney was not ineffective for failing to file a suppression motion. No hearing is warranted under these circumstances. *See Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017).

#### B. No Good Cause for Discovery

Spence has filed two discovery motions: a motion to compel and a motion for discovery. Both motions were filed after the § 2255 motion was fully briefed. In a § 2255 proceeding, a petitioner must show good cause for discovery. See Rule 6(a), Rules Governing § 2255 Proceedings. In this context, good cause exists "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 295 (1969)) (alteration in original). Speculation does not constitute good cause. *Jones v. United States*, 231 F. App'x 485, 488 (7th Cir. 2007).

In both discovery motions, Spence seeks an Order directing the United States or Agent Barrett to provide him with copies of the e-mails and recordings referenced in Agent Barrett's May 29, 2018, state court affidavit in support of a search warrant. Spence states without explanation that these emails and recordings are the basis of his claims. Dkt. 19 at p. 1. In addition, Spence's motion for discovery seeks interrogatories from Agent Barrett. The proposed 20 interrogatories ask questions such as how Agent Barrett came into possession of the electronic devices, how she knew they belonged to Spence, what training she received to prepare affidavits, why she believed the computers contained evidence of a crime, what she did with the emails and recordings she received from Spence's family, and why she sought a second search warrant.

Spence has not articulated any theory based on specific allegations that suggest that he would be entitled to relief if the facts he seeks are fully developed. *See Higgason v. Lemmon*, 6 F. App'x. 433, 436 (7th Cir. 2001) (factual allegations "must not be speculative or conclusory because discovery is not intended to be a fishing expedition"). Spence's discovery requests are purely speculative. As explained above, Agent Barrett's affidavit in support of her application for a search warrant was based on a thorough investigation. Under these circumstances, discovery regarding Agent Barrett's investigation that led to the request for a search warrant is not necessary. These untimely discovery motions, dkts [18] and [19], are **denied.**

## V. Conclusion

For the reasons explained in this Order, Spence is not entitled to relief on his § 2255 motion. There was no ineffective assistance of counsel and Spence waived his right to present his other grounds for relief. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. His motions for an evidentiary hearing and discovery, dkts [17], [18], and [19], are **denied.** Judgment consistent with this Order shall now issue and the Clerk shall

**docket a copy of this Order in No. 1:18-cr-306-JRS-MJD-1.** The motion to vacate, Crim. Dkt. [53], shall also be **terminated** in the underlying criminal action.

### VI.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Spence has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   8/30/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JACK SPENCE
16424-028
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov